**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CARMEN FLORES CASTRO, )
)
        Petitioner, ) Case No.: 2:18-cv-01739-GMN-CWH
  vs. )
) **ORDER**
BERTHA HERNANDEZ RENTERIA, )
)
        Respondent. )
)

Pending before the Court is Petitioner Carmen Flores Castro's Emergency Petition for Warrant in Lieu of Writ of Habeas Corpus (ECF No. 3). This case arises out of a dispute between the sister of child Z.F.M.Z. and the child's grandmother, and whether the child was wrongfully taken to the United States from Mexico. Petitioner, the child's older sister, alleges that Respondent Bertha Hernandez Renteria, the child's maternal grandmother, violated a custody order in Mexico by taking the child to the United States. Respondent and the child allegedly have been living in Las Vegas, Nevada, since September 2017. (*See* Compl. ¶¶ 23–24, ECF No. 1). This Court has jurisdiction over this case under 22 U.S.C. § 9003 (formerly cited as 42 U.S.C. § 11603).

While Petitioner's Complaint states that "for reasons set forth in the forthcoming Petition for Warrant in Lieu of Habeas Corpus" she believes that Respondent, "upon being informed of these proceedings, will further abduct and secrete the child," Petitioner does not set forth justification for issuance of a warrant. (Compl. ¶ 43, ECF No. 1). In the alternative, the Court will provide the relief requested in the Complaint, to wit, a preliminary injunction hearing, and a temporary restraining order prohibiting removal of child Z.F.M.Z. from the jurisdiction of this Court pending the preliminary injunction hearing. (*See id.* ¶¶ 46–47).

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974). "A [petitioner] seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, based on Petitioner's Motion (ECF No. 3) and the supporting documentation in Petitioner's Complaint (ECF No. 1), for good cause shown, the Court rules as follows:

The Court finds that:

1. Petitioner is likely to prevail on the merits of its wrongful retention claim under the Hague Convention against Respondent based on the allegations set forth in the Complaint and the Emergency Motion that Mexico is the child's habitual residence and that Petitioner was exercising her custodial rights at the time of the alleged wrongful retention.

2. The alleged irreparable harm is the alienation of the child from her sister, Petitioner, and Petitioner's loss of custodial rights. Further, Petitioner alleges the risk that Respondent will flee the jurisdiction and "further secrete the child" upon service of Petitioner's lawsuit before this Court.

3. Both the balance of equities and the public interest favor the status quo of keeping the child in the jurisdiction temporarily to determine if a preliminary injunction is appropriate until the Court can determine the case on its merits.

4. At this time, prior to the Preliminary Injunction Hearing, it is not necessary to take the child from Respondent's custody, as requested by Petitioner's Emergency Petition for Warrant in Lieu of Writ of Habeas Corpus (ECF No. 3). There is no immediate harm to the child[1] beyond removal from the jurisdiction of this Court, which is temporarily prohibited by this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent shall not remove the child from the jurisdiction of this Court pending the Preliminary Injunction Hearing[2].

**IT IS FURTHER ORDERED** that no person acting in concert or participating with Respondent shall take any action to remove the child from the jurisdiction of this Court pending the Preliminary Injunction Hearing.

**IT IS FURTHER ORDERED** that the Preliminary Injunction Hearing shall take place before the Honorable Gloria M. Navarro at 9:00 a.m. on Friday, September 21, 2018, in Las Vegas Courtroom 7D.

**IT IS FURTHER ORDERED** that Respondent's presence at the Preliminary Injunction Hearing is mandatory. Failure to appear at the hearing will be construed as contempt of court and may result in the imposition of monetary sanctions.

**IT IS FURTHER ORDERED** that Petitioner shall serve Respondent with the Summons and a copy of this Order requiring Respondent's appearance at the Preliminary Injunction Hearing, by Tuesday, September 18, 2018.

**IT IS FURTHER ORDERED** that Respondent will not be provided an attorney or an interpreter at the Preliminary Injunction Hearing. Respondent should make arrangements in advance if she believes necessary. Additionally, the child need not be present at the hearing.

---

[1] Respondents alleges the child is attending elementary school.
[2] The jurisdiction of the District of Nevada, for the purposes of this Order, includes the state of Nevada.

**IT IS FURTHER ORDERED** that Petitioner's request for Temporary Restraining Order, (ECF No. 1), is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Emergency Petition for Warrant in Lieu of a Writ of Habeas Corpus, (ECF No. 3), is **DENIED.**

**DATED** this  15   day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge