# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARMEN FLORES CASTRO,<br><br>Petitioner,<br><br>v.<br><br>BERTHA HERNANDEZ RENTERIA,<br><br>Respondent. | Case No. 2:18-cv-01739-GMN-CWH<br><br>**EMERGENCY ORDER REFERRING CASE TO PRO BONO PROGRAM** |

This is a case brought under the 1980 Hague Convention on Civil Aspects of International Child Abduction ("Hague Convention"). Petitioner Carmen Flores Castro alleges her eight-year-old sister Z.F.M.Z., over whom she has sole legal and physical custody, was wrongfully taken from her habitual residence of Jalisco, Mexico to Las Vegas, Nevada, by Respondent Bertha Hernandez Renteria, who is Z.F.M.Z.'s maternal grandmother. Petitioner seeks an order compelling Z.F.M.Z.'s return to Mexico, along with various other forms of relief.

On September 26, 2018, the court held a case-management conference in which respondent appeared without an attorney. Respondent represented to the court that she has made various efforts to retain an attorney but has been unable to do so. Respondent also represented to the court that the return of Z.F.M.Z. to Mexico would expose her to a grave risk of harm.

The ultimate issue before the court is not who, as between petitioner and respondent, is best suited to have custody of Z.F.M.Z.—it is to determine which court has jurisdiction to determine custody. The Hague Convention requires the expeditious handling of proceedings for the return of minor children.[1] The expected time frame for handling a Hague Convention case is

---

[1] The Federal Judicial Center provides a litigation guide for Hague Convention return cases, available at: https://www.fjc.gov/sites/default/files/2015/Hague%20Convention%20Guide.pdf

six weeks. In light of that timeline, the court ordered the parties to exchange documents by October 11, 2018, set a case-status conference for October 16, 2018, at 1:30 p.m., and set an evidentiary hearing for October 19, 2018, at 9:00 a.m.

Under "exceptional circumstances," the court may request an attorney to represent a person who is unable to afford an attorney. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quotation omitted); 28 U.S.C. § 1915(e)(1). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quotation omitted).

Given that respondent has not yet filed an answer to the verified complaint (ECF No. 1), the court is unable to evaluate the likelihood of success on the merits. Regardless, given respondent's representation that Z.F.M.Z.'s return to Mexico would expose her to harm, it appears respondent may be able to establish a grave risk defense. Thus, this factor weighs in favor of appointment of an attorney. As for the second factor, given the extreme urgency of this case, the fact that return cases under the Hague Convention present complicated legal, procedural, and logistical issues, and that respondent does not speak English, the court finds it will be extremely difficult for respondent to represent herself in this matter. Additionally, appointment of an attorney is justified as the proceedings "will undoubtedly proceed more efficiently and effectively" if respondent has an attorney. *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam). The court therefore finds exceptional circumstances exist warranting the appointment of an attorney to represent respondent.

Accordingly, this case is referred to the court's Pro Bono Program adopted in General Order 2017-07 for identifying counsel willing to be appointed as pro bono counsel for respondent. The scope of appointment will be for representing respondent to the conclusion of the case. By referring this case to the Pro Bono Program, the court is not expressing an opinion on the merits of the case.

IT IS THEREFORE ORDERED that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

IT IS FURTHER ORDERED that the Clerk of Court must forward this order to the Pro Bono Liaison.

DATED: September 26, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE