UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CARMEN FLORES CASTRO,

               Petitioner,

    v.

BERTHA HERNANDEZ RENTERIA,

               Respondent.

Case No. 2:18-cv-01739-GMN-CWH

**REPORT AND RECOMMENDATION**

This matter is before the court on petitioner Carmen Castro Flores' motions for sanctions (ECF Nos. 14, 26.), filed on October 11, 2018 and October 25, 2018. Respondent Bertha Hernandez Renteria filed a response (ECF No. 29) on October 30, 2018. The court will address petitioner's motions only as to the request that the court vacate a guardianship award issued by the Family Division of the Eighth Judicial District Court, Clark County, Nevada. The remainder of petitioner's motion will be addressed in a separate report and recommendation.

## I.    BACKGROUND

This is a case brought under the 1980 Hague Convention on Civil Aspects of International Child Abduction ("Hague Convention"). (Compl. (ECF No. 1).) Petitioner alleges that during the pendency of custody proceedings in a Family Court of Jalisco, Mexico, respondent absconded with petitioner's eight-year-old sister, Z.F.M.Z. (*Id.*) Respondent is Z.F.M.Z.'s maternal grandmother. (*Id.*)

Petitioner alleges that the Jalisco Family Court awarded custody to petitioner on May 8, 2017, and that Z.F.M.Z. resided with petitioner beginning in July of 2017. (*Id.*) The Jalisco Family Court then awarded respondent provisional custody to obtain a psychological evaluation of Z.F.M.Z. (*Id.* at ¶ 18-19.) While maintaining provisional custody of Z.F.M.Z., respondent absconded with the child to Las Vegas, Nevada in early September of 2017. (*Id.* at ¶ 20-23.)

1   Petitioner then initiated Hague proceedings with this court to secure the return of the child in

2   September of 2018.  (*Id.* at ¶ 30.)

3          This court held a case-management conference on September 26, 2018 and granted

4   petitioner visitation with Z.F.M.Z. from Saturday at 9:00 a.m. to Sunday at 5:00 p.m., during the

5   pendency this case.  (Mins. Proceedings (ECF No. 12).)  Petitioner filed a motion for sanctions,

6   alleging that respondent failed to comply with the court's visitation order during the weekend of

7   September 28, 2018.  (Mot. for Sanctions (ECF No. 14) ¶ 2.)  Respondent indicated that she

8   obtained temporary guardianship over Z.F.M.Z. from the Family Division of the Eighth Judicial

9   District Court, Clark County, Nevada ("Clark County Family Court" or "Family Court") on

10  September 27, 2018 and would therefore not permit petitioner visitation.  (*Id.*)  Respondent

11  denied visitation again over the October 5th, 2018 weekend.  (*Id.*)  The court heard arguments on

12  the motion on October 16, 2018, and took the matter under advisement, but reiterated that its

13  visitation order remained in effect and ordered respondent to comply.  (Mins. of Proceedings

14  (ECF No. 25).)

15         Petitioner then filed a subsequent motion for sanctions, alleging that respondent had failed

16  to facilitate visitation over the weekend of October 20, 2018.  (Mot. for Sanctions (ECF No. 26).)

17  Petitioner alleges that during the visitation exchange, the police were called and that respondent

18  refused to allow Z.F.M.Z. to leave with petitioner, because Z.F.M.Z. was "flushed" and because

19  the Family Court awarded guardianship to respondent.  (*Id.* at ¶ 9-10.)  Petitioner now seeks an

20  order vacating the Family Court guardianship order.[1]  (*Id.*)

21         Respondent does not dispute that visitation did not occur over the October 20, 2018

22  weekend.  (Resp. (ECF No. 29).)  Rather, respondent argues that visitation did not occur because

23  Z.F.M.Z. refused to go with petitioner and that an employee of respondent's apartment complex

24  _____

25  [1] The court takes judicial notice of the Clark County Family Court order attached to this report and
    recommendation, awarding respondent guardianship of Z.F.M.Z.  Fed. R. Evid. 201(b) ("[t]he court may

26  judicially notice a fact that is not subject to reasonable dispute because it is: (1) is generally known within
    the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

27  accuracy cannot reasonably be questioned."); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th
    Cir. 2012) (noting that the court "may take judicial notice of undisputed matters of public record . . .

28  including documents on file in federal or state courts.").

called the police.  (*Id.* at 2.)  Respondent does not discuss the Clark County Family Court order in her response.

The court heard arguments on this second motion for sanctions on October 31, 2018 and took the matter under advisement to be resolved in a report and recommendation.  (Mins. of Proceedings (ECF No. 34).)  The court now resolves the validity of the Family Court guardianship order.

**II.    ANALYSIS**

The purpose of the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") is to deter international abduction of children and to provide a remedy for the safe and prompt return of children wrongfully removed.  Hague Convention, art. 1, 19 I.L.M. 1501 (1980).  The United States enacted the International Child Abductions Remedies Act ("ICARA"), thus implementing the Hague Convention.  *See* 22 U.S.C. § 9001 *et seq*.  ICARA vests both states and federal courts with concurrent jurisdiction over Hague Convention claims.  *See* 22 U.S.C. § 9003(a).  The court receiving a Hague Convention petition may only resolve the question of whether the child was wrongfully removed from her habitual residence.  *See* Hague Convention, art. 12, 19 I.L.M. at 1502; *see also Cuellar v. Joyce*, 596 F.3d 505, 508 (9th Cir. 2010).  Only once that question is revolved may custody be decided on the merits.  Hague Convention, art. 16, 19 I.L.M. at 1503.

Generally, the *Rooker-Feldman* doctrine prohibits federal courts from appellate review of a state court action.  *See Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[u]nder Rooker–Feldman, a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court.") (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003)).  The doctrine applies to "state-court losers complaining of injuries caused by state-court judgments . . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  While federal district courts are barred from subject matter review of state court decisions, Congress has the authority to statutorily grant such jurisdiction.  *Mann*, 415 F.3d at 1043; *see also In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000).  ICARA is one example of Congress' authority.  *See Mann*, 415 F.3d at

1043-1044.  The Ninth Circuit interprets the concurrent jurisdiction provision in ICARA as providing federal district courts the authority to vacate state custody determinations violating the Hague Convention.  *See* 22 U.S.C. § 9003(a); *Mann*, 415 F.3d at 1044.  Thus, a federal district court does not violate the *Rooker-Feldman* doctrine by vacating a state custody order during the pendency of Hague proceedings.  *Mozes v. Mozes*, 239 F.3d 1067, 1085 n.55 (9th Cir. 2001).

Additionally, a federal court may vacate a state court custody determination that frustrates the purpose of the Hague Convention, or violates the Hague Convention's provision staying custody proceedings.  *See* Hague Convention, art. 16, 19 I.L.M. at 1503; *see also Gaudin v. Remis*, 415 F.3d 1028, 1037 n.2 (9th Cir. 2005); *Mozes*, 239 F.3d at 1085 n.55.  In *Mozes*, a California state court entered a custody award while a Hague petition was pending appeal to the Ninth Circuit.  239 F.3d at 1085 n.55.  The Ninth Circuit declared the state court's custody decision as "premature," noting that the state court case was stayed pending the resolution of the claims in district court.  *Id.*  The Ninth Circuit further noted that a district court is not barred from vacating a state court's custody decree.  *Id.* (stating that "Congress has expressly granted the federal courts jurisdiction to vindicate rights arising under the Convention.  Thus, federal courts must have the power to vacate state custody determinations and other state court orders that contravene the treaty.") (internal citation omitted).

Here, the Clark County Family Court awarded respondent custody one day following this court's case management conference.  Once a Hague Petition is filed, the court must first resolve the question of wrongful removal before custody rights are determined.  *See Cuellar*, 596 F.3d at 508 (9th Cir. 2010).  Having reviewed the guardianship award, the Family Court order does not resolve the issues raised in petitioner's Hague petition.  Further, petitioner filed this action in federal court, giving this court jurisdiction to resolve those claims.  Given that the issue of wrongful removal under the Hague Convention remains unresolved, the guardianship order is premature and the court will recommend that the guardianship order be vacated.

Additionally, respondent continues to use the guardianship order to subvert this court's visitation order.  The court has ordered respondent to comply with its visitation order on four separate occasions, and yet, visitation has not occurred.  (Mins. of Proceedings (ECF Nos. 12, 19,

25, 34).)  Thus, the court will recommend that the award be vacated, and that any custody

proceedings be stayed pending the resolution of this case.

**III.    RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that petitioner's motion for sanctions (ECF No.

14) be GRANTED IN PART, only as to the request to vacate the Family Division of the Eighth

Judicial District Court, Clark County, Nevada guardianship order.

IT IS FURTHER RECOMMENDED that the court VACATE the Family Division of the

Eighth Judicial District Court, Clark County, Nevada's guardianship order of Z.M.F.Z. and that

any further custody proceedings be STAYED pending the resolution of this case.

IT IS FURTHER RECOMMENDED that a copy of the final order to vacate be mailed to

the Clerk of Court for the Family Division of the Eighth Judicial District Court, Clark County,

Nevada:

> Family Court and Services Center
> 601 North Pecos Rd.,
> 1st Floor
> Las Vegas, Nevada 89101

**IV.    NOTICE**

This report and recommendation is submitted to the United States district judge assigned

to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation

may file a written objection supported by points and authorities within fourteen days of being

served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely

objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991).


DATED: November 2, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

G-18-050069-M
ORDR
Order
4784388

**FILED IN OPEN COURT**

9-27-18

STEVEN D. GRIERSON
CLERK OF THE COURT

BY_____
                              **DEPUTY**
YVETTE CLAY

1 | ORDR

2

3 | **DISTRICT COURT**
  | **CLARK COUNTY, NEVADA**

4

5 | In the Matter of the Guardianship of:

6 | ▓▓▓▓▓▓▓▓▓▓

   Protected Minor(s) | CASE NO.: <u>G-18-050069-M</u>

7 | DEPT:    Department S

8

9 | **ORDER APPOINTING GUARDIAN(S) OVER PROTECTED MINOR(S)**

10 | ☐ **TEMPORARY GUARDIANSHIP**    ☒ **GENERAL GUARDIANSHIP**
   |   ☐ Person                        ☒ Person
11 |   ☐ Estate                        ☐ Estate    ☐ Summary Admin.
   |   ☐ Person and Estate             ☐ Person and Estate
12
13 | ☐ **SPECIAL GUARDIANSHIP**       ☐ **NOTICES/SAFEGUARDS**
   |   ☐ Person                        ☐ Blocked Account Required
   |   ☐ Estate   ☐ Summary Admin.     ☐ Bond Required
14 |   ☐ Person and Estate

15

16 | **Warning: This guardianship is not valid until *Letters of Guardianship* have been issued by the Clerk of Court.**

17

18 |     UPON REVIEW of the verified Petition for Appointment of Guardian(s) submitted by

19 | the Petitioner(s), the same having come before the above-entitled Court, and it appearing to the

20 | satisfaction of the Court that proper notice of hearing of this matter has been duly given in the

21 | manner required by law, that all allegations contained in the verified petition are true and

22 | correct, and that the protected minors are residents of the State of NEVADA, and good cause

23 | appearing therefore:

| ☐ Without Judicial Conf/Hrg | ☐ Age of Majority |
|---|---|
| ☒ With Judicial Conf/Hrg | ☐ Restoration of Competency |
| ☐ Alternative Dispute Resolution | ☐ Order Terminating Guard or |
| | Final Accounting |
| ☐ Other Manner of Disposition | |
| ☐ Dismissed - Want of Prosecution | **Bench (Non-Jury) Trials:** |
| ☐ Involuntary (Statutory) Dismissal | ☐ Disposed After Trial Start |
| ☐ Default Judgment | ☐ Judgment Reached |
| ☐ Transferred | |
| **☐ Close Case?** | |

24

25

26

Page 1 of 4 — Order Appointing Guardians

**IT IS HEREBY ORDERED** that the following is/are appointed Guardian(s) of the above named protected minors:

First Guardian:    <u>BERTHA HERNANDEZ RENTERIA</u>
Street Address:    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
City, State, Zip:   ▮▮▮▮▮▮▮▮▮▮▮▮▮
Telephone:         _____

Second Guardian: _____
Street Address:    _____
City, State, Zip:   _____
Telephone:         _____

**IT IS FURTHER ORDERED** that Letters of Guardianship shall issue to the Guardian(s) upon the taking of the oath of office as required by law.

**IT IS FURTHER ORDERED** that (*court will check one*)

☒ This is a Person Only guardianship; no estate is involved.
☐ Summary Administration of the estate <u>is</u> granted.  An inventory and record of value must be filed; however, an accounting is not required until assets exceed the statutory threshold for summary administration or the guardianship is terminated (final accounting);
☐ General Administration of the estate <u>is</u> granted.  Guardian(s) shall file an accounting every year between _____, 20_____ and _____, 20_____.

**IT IS FURTHER ORDERED** that (*court will check one*)

☐ The protected minor's funds shall be placed into a blocked account at a financial institution; or
☐ The Guardian(s) shall post a bond in the sum of $_____, either jointly or individually; or
☒ Neither a blocked account or bond is required at this time.

**IT IS FURTHER ORDERED** that (*court will insert*)

☒ The Guardian shall file an Annual Report every year between the Anniversary date of <u>SEPTEMBER 27</u>, 20<u>18</u> and <u>NOVEMBER 27</u>, 20<u>18</u> for the first report and every subsequent year.

**IT IS FURTHER ORDERED** that (*court will check one*)

☐ It is anticipated that the protected minors will need a guardianship after reaching 18 years of age.

☒ The protected minors will not need a guardianship after reaching 18 years of age.

**IT IS FURTHER ORDERED** that the Guardian(s) shall file a Guardian's Acknowledgement of Duties and Responsibilities upon entry of this Order and before entering into his/her duties as Guardian;

**IT IS FURTHER ORDERED** that the Guardian(s) shall properly maintain, care, educate and support the protected minors; and

**IT IS FURTHER ORDERED** that the Guardian(s) shall enjoy all normal powers conferred by the Nevada Revised Statutes to take those steps necessary to preserve the real and/or personal property of the protected minors; and

**IT IS FURTHER ORDERED** that the Guardian(s) shall designate the names and addresses, so far as may be determined, of the relatives of the protected minors upon whom notice must be served and any other interested person.

**IT IS FURTHER ORDERED** that the Guardian(s) shall mail a copy of this Order and the Notice of Entry of Order to the protected minors and to all persons, relatives, and care providers entitled to notice under the Nevada Revised Statutes.

**IT IS FURTHER ORDERED** that a Referral to Compliance Officer be issued.

Pursuant to 2017 Nevada Laws Ch. 172 (A.B. 319), the following information is provided:

| | |
|---|---|
| Minor's Attorney: _____ | Court Investigator: _____ |
| Street Address: _____ | Street Address: _____ |
| City, State, Zip: _____ | City, State, Zip: _____ |
| Telephone: _____ | Telephone: _____ |

DATED this 27th day of September, 2018.

_Vincent Ochoa_
DISTRICT COURT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26